FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

FEB 18 2010

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| LAMEL DIGGS, | :: | CIVIL ACTION NO. |
| BOP Reg. # 59173-019, | :: | 1:09-CV-02906-TWT |
| Movant, | :: | |
| | :: | CRIMINAL ACTION NO. |
| v. | :: | 1:07-CR-00186-TWT |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## ORDER AND OPINION

Movant, Lamel Diggs, challenges the constitutionality of his judgment of conviction in this Court. Now before the Court are his 28 U.S.C. § 2255 motion to vacate his sentence [121], with supporting memorandum [121-2]. Under the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 Governing § 2255 Proceedings. For the reasons set forth below, the Court **DISMISSES** Diggs's § 2255 motion under Rule 4.

### I. Procedural History

On June 5, 2007, a grand jury sitting in the Northern District of Georgia indicted Diggs and his accomplice for (1) a bank robbery on May 3, 2007, and (2) the

AO 72A
(Rev.8/82)

use of a firearm during and in relation to that bank robbery. (Indictment [10].) On January 10, 2008, Diggs and his trial counsel signed a one-page document entitled "PLEA (With Counsel)," which stated: "I, LAMEL DIGGS, defendant, having received a copy of the . . . Indictment, and having been arraigned[,] plead Guilty . . . to counts one [and] two thereof." (Plea [39-2].) On that same day, Diggs appeared before this Court to enter his guilty plea. (Plea Tr. [43] at 2-3.) The Court explained to Diggs that by pleading guilty he was relinquishing his rights to plead not guilty, to a jury trial, to an attorney to represent him at trial, to the presumption of innocence, to compel the appearance of witnesses on his behalf, to cross-examine the government's witnesses, to testify or to remain silent (at his choosing), and to a unanimous jury determination beyond a reasonable doubt as to all the elements of the offenses charged against him. Diggs agreed to waive these rights. (Plea Tr. at 5-8.)

Noting that "there is no plea agreement," the Court then determined, by questioning Diggs and his trial counsel, that Diggs had neither been threatened nor coerced nor promised anything in connection with his plea; that the evidence against him had not been obtained illegally; that he was not under the influence of alcohol or drugs; that he had been given sufficient time to consider his options and was satisfied with his attorney's representation; and that he understood the charges against him, the

2

minimum and maximum penalties for those charges, and the sentencing procedures and restrictions that apply in federal court. (Id. at 8-15.) Diggs then acknowledged that he and his accomplice had gone into a federally insured bank, that the weapon he was carrying had discharged, and that they had left with several thousand dollars gathered from the bank tellers. After some discussion, and initial reluctance on Diggs's part, he ultimately acknowledged that he had entered the bank with the intent to rob it and with a gun in his hand that did "go off." (Id. at 15-19.) The Court accepted Diggs's plea.[1] (Id. at 19-20.)

On March 3, 2008, Diggs filed, *pro se*, a motion to withdraw his guilty plea, alleging that his trial counsel bullied him into pleading guilty, misinformed him regarding the government's evidence against him, failed to file pretrial motions or to

---

[1] As set forth above, the Court accepted the guilty plea only after addressing each of the relevant matters enumerated in Rule 11(b)(1), which provides, in pertinent part, that before doing so, a court must inform the defendant of, and determine that he understands, the following: his right to plead not guilty, his right to a jury trial, and his right to counsel; his "right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses"; that his guilty plea waives these trial rights; "the nature of each charge to which [he] is pleading"; the minimum and maximum penalties he faces; and the court's sentencing obligations under 18 U.S.C. § 3553(a). Fed. R. Crim. P. 11(b)(1)(B)-(M). The court must also "determine that the plea is voluntary and did not result from force, threats, or promises" and "that there is a factual basis for" it. Fed. R. Crim. P. 11(b)(2)-(3).

present exculpatory evidence, grossly misrepresented the potential sentence of "life" imprisonment, and told him that he could not challenge his confession even though, he alleged, it was coerced. Diggs claimed that his guilty plea was unknowing because he did not understand the maximum sentence he really faced and involuntary because of the relentless pressure from his trial counsel to plead guilty. (Mot. to Withdraw Guilty Plea [65] at 1-5.) He also alleged that Federal Bureau of Investigation (FBI) agents held him captive and brow beat him for eight hours, without allowing him an attorney or phone call, and "threatened to hold him captive until he confessed." (Id. at 6.)

However, at Diggs's sentencing hearing on March 21, 2008, trial counsel announced that Diggs had informed her that he "wishe[d] to abandon [his motion to withdraw his plea] and . . . go forward and be sentenced today." (Sentencing Tr. [90] at 2.) Under direct questioning from the Court, Diggs denied that his trial counsel had coerced him into pleading guilty and acknowledged, for a second time, that his plea was knowing and voluntary. (Id. at 3-4.) He also appeared to withdraw his contention that FBI agents had coerced his confession, and he once again acknowledged that he was guilty of the two crimes charged in the indictment. (Id. at 4.) The Court sentenced Diggs to the guideline minimum sentence of 33 months' imprisonment on count one

4

and to the mandatory statutory minimum sentence of 120 months on count two, for a total combined sentence of 153 months' imprisonment. (Id. at 14; see J. and Commitment [78].)

On direct appeal, Diggs challenged his sentence on four grounds: (1) he was not given a chance to speak before imposition of sentence; (2) the district court only considered one of the 18 U.S.C. § 3553(a) factors; (3) the court did not explain its choice of sentence adequately; and (4) the sentence was greater than necessary. (See 11th Cir. Order of Dec. 16, 2008 [111] at 2.) The Eleventh Circuit found Diggs's sentences to be "neither procedurally nor substantively unreasonable," and affirmed them. (Id. at 8-9.)

In his § 2255 motion, Diggs raises the following claims: (1) counsel provided ineffective assistance by failing to conduct an adequate pre-trial investigation; (2) counsel provided ineffective assistance by failing to establish that the evidence was insufficient to show that Diggs possessed a firearm in furtherance of the bank robbery; and (3) his guilty plea should be set aside because the district court failed to comply with Fed. R. Crim. P. 11(a)-(h) and "there was no contract signed by all parties at the time the verbal plea was entered." (Diggs's Mem. [121-2] at 1, 3, 10-11.) Diggs also apparently challenges his trial counsel's failure to seek dismissal of the

5

indictment and to seek the minutes of the grand jury proceedings under Fed. R. Crim. P. 6(e)(3)(E)(ii). (Id. at 12.)

## II. Standards of Review

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

The Supreme Court set forth the standard for evaluating a claim of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). The analysis involves two components, but a court need not address both if the movant "makes an insufficient showing on one." Id. at 697. First, the court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Id. at 690. The court should be "highly deferential" in scrutinizing counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

6

professional assistance." Id. at 689. In other words, the movant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Internal quotations omitted). "Given the strong presumption in favor of competence, the [movant's] burden of persuasion–though the presumption is not insurmountable–is a heavy one." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Second, a federal habeas court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability," one "sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The two-part Strickland test also applies in the context of a guilty plea, where, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

"A defendant's knowing and voluntary unconditional guilty plea waives all non-jurisdictional defects in a proceeding." United States v. Ochoa, No. 09-10932, 2009 U.S. App. LEXIS 25768, at *5 (11th Cir. Nov. 24, 2009) (citing United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984), and United States v. Pierre, 120 F.3d

7

1153, 1155 (11th Cir. 1997); and noting that "[f]or a guilty plea to be entered knowingly and voluntarily, it must satisfy three 'core concerns,' which are that '(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea,'" and citing United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996)). See also United States v. Broce, 488 U.S. 563, 569 (1989) (stating that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary"); United States v. Hernandez, No. 09-12336, 2009 U.S. App. LEXIS 26950, at *2 (11th Cir. Dec. 10, 2009) (noting that "Rule 11 imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea" by addressing "three core concerns underlying Rule 11," as set forth above).

### III. Discussion

As noted above, by pleading guilty, a defendant waives all non-jurisdictional claims challenging the proceedings in his criminal case that preceded his plea, other than claims that the plea itself was unknowing or involuntary. Accordingly, by pleading guilty to his crimes of conviction, including his use of a firearm in

8

connection with the bank robbery (a crime of violence), and by acknowledging on two separate occasions that his plea was knowing and voluntary, Diggs waived his § 2255 claims alleging that his trial counsel provided ineffective assistance by conducting an inadequate pretrial investigation, by failing to challenge the indictment based on the lack of evidence that Diggs possessed a firearm during the bank robbery, and by failing to seek the grand jury minutes. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (noting that "[s]olemn declarations in open court carry a strong presumption of verity," and "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); Ochoa, 2009 U.S. App. LEXIS 25768, at *5 (stating that "defendant's knowing and voluntary unconditional guilty plea waives all non-jurisdictional defects in a proceeding").

The Court construes Diggs's remaining claim – that his guilty plea should be set aside because this Court failed to comply with the requirements of Rule 11 and because, when he entered his verbal plea, there was no written plea agreement signed by all the parties – as alleging that his guilty plea was not knowing and voluntary. However, as noted above, Diggs twice acknowledged that his plea was knowing and voluntary, and he has offered nothing to overcome the resulting "formidable barrier"

9

to his current attack on the validity of his plea. See Allison, 431 U.S. at 73-74. Moreover, there is no requirement that there be a written plea agreement accompanying a defendant's proffer of his guilty plea. See, e.g., United States v. Benitez, 258 F. App'x 280, 281, 284-87 (11th Cir. 2007) (rejecting Rule 11 challenge to guilty plea and noting, without comment, that defendant entered his plea "[w]ithout the benefit of a written plea agreement . . . ."). A defendant's challenge to the voluntary and knowing nature of his plea fails if the court that accepted his plea addressed at his Rule 11 plea hearing the specific matters enumerated in Rule 11 and the three core concerns underlying that rule. As set forth in detail above, the Court did just that at Diggs's plea and sentencing hearings. Accordingly, all of Diggs's claims fail, and his motion to vacate his sentence will be denied.

## IV. Certificate of Appealability

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of his motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to" a § 2255 movant. Rule 11(a) of the Rules Governing Section 2255 Proceedings (also providing that "[i]f the court denies a certificate, a

10

party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22").

A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). Although Slack involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. See Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in § 2255 case).

For the reasons set forth above, the Court finds that Diggs has not raised an issue about which reasonable jurists might disagree regarding the knowing and voluntary nature of his plea or the Rule 11 procedural safeguards implemented by this Court to insure that his plea was, in fact, knowing and voluntary. Therefore, Diggs will not be granted a certificate of appealability.

AO 72A
(Rev.8/82)

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Diggs's 28 U.S.C. § 2255 motion to vacate sentence [121], **DISMISSES** this action, and **DENIES** Diggs a certificate of appealability.

**IT IS SO ORDERED** this _17_ day of _February_, 2010.

_/s/ Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)