IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAMEL DIGGS, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:07-CR-186-TWT-GGB-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:14-CV-1455-TWT-GGB |

## **FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, pro se, recently filed a motion under 28 U.S.C. § 2255 to vacate his sentence imposed in this case. (Doc. 124.)[1] Movant alternatively seeks relief under 28 U.S.C. § 2241, the general habeas corpus statute. (*Id.*)

This is Movant's second § 2255 motion. The Court denied his first motion on February 18, 2010. (Doc. 122.) The Court also denied Movant a certificate of appealability. (*Id.*)

The Court does not have jurisdiction to entertain this successive § 2255 motion unless Movant first obtains permission from the court of appeals to file it. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549

---

[1] All citations are to criminal action number 1:07-cr-186-TWT-GGB.

U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place."). Nothing in the record indicates that Movant has applied for such permission from the court of appeals, much less obtained it.

Movant seeks relief in his second § 2255 motion based on the U.S. Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Doc. 124 at 4 ("Petitioner's sentence is unconstitutional and is a violation of Petitioner's Fifth, Sixth and Fourteenth Amendment rights in light of [Alleyne].").) Movant may file another § 2255 motion if he shows that his claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). But only the U.S. Court of Appeals for the Eleventh Circuit can decide whether Movant has made that showing. *See id.*; 28 U.S.C. § 2244(b).

Movant asks that he be allowed to proceed under § 2241 via § 2255's "savings clause" if he is denied relief under § 2255. (Doc. 124 at 14.) The savings clause allows a federal prisoner to obtain relief under § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A federal prisoner cannot obtain relief via the

2

savings clause simply because he is barred from filing another § 2255 motion by § 2255(h)'s "second or successive" provision. *Gilbert v. United States*, 640 F.3d 1293, 1308-12 (11th Cir. 2011) (en banc). "The applicability of the savings clause is a threshold jurisdictional issue" that district courts must determine before reaching the merits of a § 2241 petitioner's claims. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013).

As with Movant's attempt to obtain relief under § 2255, the Court lacks jurisdiction to grant relief under § 2241 via the savings clause. That is so because Movant's challenge to his sentence is not based on a retroactively applicable Supreme Court decision establishing that Movant was convicted of a nonexistent offense. *See Benitez v. Warden, FCI Miami*, No. 12-15459, 2014 WL 1716994, at *1-2 (11th Cir. May 2, 2014); *Williams*, 713 F.3d at 1343. The U.S. Court of Appeals for the Eleventh Circuit recently found that *Alleyne*, the basis of Movant's motion, is not retroactively applicable on collateral review. *Chester v. Warden*, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014) ("[B]ecause it is based on the *Apprendi* rule, *Alleyne*'s rule does not apply retroactively on collateral review."). And it appears that every other federal court of appeal to decide the issue agrees with that conclusion. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d

Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

Movant has shown no basis for the Court to "open the portal to § 2241 review." *See Benitez*, 2014 WL 1716994, at *2 (quotation marks omitted). The Court thus lacks jurisdiction to consider Movant's claim under the savings clause, just as it lacks jurisdiction to consider the claim directly under § 2255.

Accordingly, I **RECOMMEND** that Movant's second motion to vacate sentence [124] be **DISMISSED** for lack of jurisdiction and that case number 1:14-cv-1455-TWT-GGB be **DISMISSED**. I **FURTHER RECOMMEND** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that the Court lacks jurisdiction to entertain Movant's claim. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 22nd day of May, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)